**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Melvin JOHNSON, Defendant–
Appellant.**

**No. 00–4331.**

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

## ORDER

Melvin Johnson appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Johnson pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846. The court sentenced him to a total of 168 months of imprisonment, and three years of supervised release.

On appeal, Johnson's counsel filed a brief, arguing that: 1) the court improperly denied him a downward departure; and 2) the court improperly determined the amount of drugs attributable to him. Johnson filed a pro se brief, asserting the following additional arguments: 3) the district court improperly enhanced his sentence based on his role in the offense; 4) his sentence is improper in light of the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). John-

son also requests this court to reconsider its prior order denying his motion to replace his current counsel.

■ Upon review, we conclude that Johnson argument that the district court improperly declined to grant him a downward departure is not reviewable. The record simply does not reflect that the district court denied Johnson's request for a downward departure based on the mistaken belief that it lacked the authority to depart. *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995).

■ We also conclude that the district court properly determined the amount of drugs attributable to Johnson. This court reviews a district court's drug quantity determination for clear error. *United States v. Hernandez*, 227 F.3d 686, 697 (6th Cir.2000); *United States v. Owusu*, 199 F.3d 329, 338 (6th Cir.2000). The government must prove the amount attributable to the defendant by a preponderance of the evidence. *Hernandez*, 227 F.3d at 686. Testimonial evidence from a coconspirator may be sufficient to determine the amount of drugs for which another coconspirator should be held accountable. *Id.* A review of the sentencing transcript clearly establishes that two witnesses (co-defendant Heard and Agent McCann) provided sufficient and reliable testimony that Johnson was responsible for between fifteen and fifty kilograms of cocaine.

■ The district court properly enhanced Johnson's sentence based on his leadership role in the offense. *Hernandez*, 227 F.3d at 699; *Owusu*, 199 F.3d at 345. The sentencing guidelines provide that the sentencing court should increase a defendant's offense level by two levels if the defendant was an organizer, leader, manager, or supervisor in any criminal activity. *See* USSG § 3b1.1(c); *United States v.*

*Blandford*, 33 F.3d 685, 709 (6th Cir.1994). The preponderance of the evidence establishes that Johnson was an organizer, leader, manager, or supervisor of a conspiracy to distribute cocaine and cocaine base.

■ Finally, we conclude that *Apprendi* does not control this case because Johnson's sentence of 168 months for conspiracy to distribute between 15 and 50 kilograms of cocaine and cocaine base does not exceed the prescribed statutory maximum of 20 years. *See* 18 U.S.C. § 841(b)(1)(C). This is simply not a case where the judge determined an amount of drugs or any other sentencing factor that produced a sentence beyond the base maximum penalty contemplated by the offense of conviction.

Accordingly, we deny the request for reconsideration and affirm the judgment of conviction and sentence.