# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2120

_____

United States of America,

      Plaintiff - Appellee,

v.

Felipe Mendoza,

      Defendant - Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: May 23, 2008
Filed: June 19, 2008

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Felipe Mendoza appeals from the district court's[1] denial of his motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (U.S.S.G.), which reduced certain base offense levels in U.S.S.G. § 2D1.1(c) depending on the quantity of cocaine base (crack) involved.

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Mendoza pled guilty to conspiracy to distribute in excess of five kilograms of powder cocaine. Mendoza was sentenced to 262 months in prison and judgment was entered on September 30,1994. In April 2008 Mendoza filed a motion to reduce his sentence pursuant to Amendment 706. The district court denied the motion and Mendoza appeals.

Mendoza's sentence was driven by the quantity of powder cocaine he conspired to distribute. Amendment 706 was enacted by the United States Sentencing Commission to help alleviate the sentencing disparity which adversely affected defendants convicted of crack cocaine offenses. See U.S.S.G. Supp. to app. C 229-31 (2007). As such, Amendment 706 only affects those defendants whose guideline range was determined based on their involvement with crack cocaine. Consequently, Mendoza does not qualify for relief under Amendment 706.

Accordingly, the district court's order denying relief pursuant to the guideline amendments is summarily affirmed. See 8th Cir. R. 47A(a).

_____