*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0220p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

    *v.*

MELVIN JOHNSON, JR. (08-3925); RODNEY
MOSS (08-3926),
            *Defendants-Appellants.*

Nos. 08-3925/3926

>

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
Nos. 98-00003-004; 98-00003-013—
Donald C. Nugent, District Judge.

Submitted: June 18, 2009

Decided and Filed: June 30, 2009

Before: MOORE and GILMAN, Circuit Judges; PHILLIPS, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Andy P. Hart, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Toledo, Ohio, for Appellants. Blas E. Serrano, ASSISTANT UNITED STATES
ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

KAREN NELSON MOORE, Circuit Judge. In these consolidated appeals,
Defendants-Appellants Melvin Johnson, Jr., and Rodney Moss appeal the district court's
denial of their motions to modify their sentences under 18 U.S.C. § 3582(c)(2). In 1998,

_____
[*] The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

Johnson and Moss were charged along with several other defendants in a multi-count superseding indictment, the primary charge being conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846.  Johnson pleaded guilty to the single conspiracy count, while Moss went to trial and was convicted on the conspiracy count as well as one count of use of a communication facility in committing a drug offense.  Both Johnson and Moss were sentenced to 168 months of imprisonment and five years of supervised release.  In 2008, after the Sentencing Commission implemented retroactive guidelines applicable to offenses involving cocaine base, Johnson and Moss each filed a motion for a reduction of sentence under § 3582(c)(2).  The district court denied both motions, finding that Johnson and Moss were ineligible for sentence modification because, although their convictions involved both powder cocaine and cocaine base, their sentences were based solely on powder cocaine.  Both Johnson and Moss now argue that the district court erred in finding that their sentences were not based on cocaine base.  For the reasons discussed below, we **AFFIRM** the judgments of the district court denying their motions for sentence reduction under § 3582(c)(2).

## I. BACKGROUND

On February 17, 1998, Johnson and Moss were indicted, along with fourteen other individuals, on a multi-count superseding indictment.  Among other things, the superseding indictment charged both Johnson and Moss with one count of conspiracy with intent to distribute cocaine and/or cocaine base in violation of 21 U.S.C. §§ 841 and 846 (Count 1) and one count each of using a communication facility to commit a drug offense in violation of 21 U.S.C. § 843(b) (Counts 8 and 15, respectively).

Johnson entered into a plea agreement under which Count 8 was dismissed, and he pleaded guilty to Count 1, the conspiracy charge.  A Presentence Investigation Report ("PSR") was entered as to Johnson in December 1998.  Based on the 1998 edition of the United States Sentencing Commission Guidelines Manual, the PSR recommended a guideline range of 168 to 210 months, based on a total offense level of 33 and a criminal history category of III.  Johnson was given a base offense level of 34 under U.S.S.G.

§ 2D1.1(c)(3), pursuant to the government's assertion that Johnson was responsible for greater than fifteen kilograms but less than fifty kilograms of cocaine. Johnson objected to the calculation of the drug quantity, and a sentencing hearing was held at which the government presented testimony in support of the drug amount. The government first presented the testimony of Linda Heard, one of Johnson's codefendants, that she bought for and delivered to Johnson powder cocaine in quantities of at least two ounces on twelve to fifteen separate occasions. She also testified that on three occasions she witnessed Johnson cook the powder cocaine, converting it to crack cocaine, before selling it. A federal agent, James McCann, testified to sales made by Johnson to various other defendants. Based on this testimony, the district court adopted the guidelines range recommended in the PSR. Johnson was sentenced to 168 months of imprisonment and five years of supervised release.

Moss, on the other hand, proceeded to trial on both the conspiracy charge and the communication-facility charge. At trial, Marvin Reese, one of Moss's codefendants, testified that Reese sold "cocaine" to Moss in amounts of nine or eighteen ounces once or twice a week from 1995 until December 1997. Moss was found guilty and convicted on both counts. A PSR as to Moss was submitted in October 1998. Based on the 1997 edition of the United States Sentencing Commission Guidelines Manual, the PSR recommended a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3), based on the government's assertion that Moss was responsible for greater than fifteen kilograms of cocaine. Moss did not object to the estimation of the drug quantity or the calculation of the base offense level. At sentencing, the district court adopted the base offense level as calculated in the PSR, resulting in a total offense level of 34 and a criminal history category of III, for a guidelines range of 168 to 210 months. The district court sentenced Moss to 168 months of imprisonment on Count 1 and 48 months on Count 15, to be served concurrently, and five years of supervised release.

Both defendants then filed direct appeals to this court. Johnson appealed his sentence, arguing, among other things, that "the court improperly determined the amount of drugs attributable to him." *United States v. Johnson*, 24 F. App'x 309, 310 (6th Cir.

2001) (unpublished order). This court "conclude[d] that the district court properly determined the amount of drugs attributable to Johnson," because "[a] review of the sentencing transcript clearly establishes that two witnesses (co-defendant Heard and Agent McCann) provided sufficient and reliable testimony that Johnson was responsible for between fifteen and fifty kilograms of cocaine." *Id.* at 311. Moss appealed both his conviction and his sentence, challenging, among other things, "the quantity of cocaine used to determine his sentence." *United States v. Moss*, No. 98-4273, 2000 WL 553901, at *1 (6th Cir. Apr. 26, 2000). This court denied Moss's appeal, concluding, based on Reese's testimony, that "ample evidence was presented at trial to support a finding that defendant was personally responsible for distributing more than 15 kilograms of cocaine." *Id.* at *5.

In early 2008, Johnson and Moss separately filed pro se motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), each arguing that, because his conviction was based on conspiracy to distribute cocaine and cocaine base, he was entitled to a discretionary reduction of his sentence in light of the recent amendments to the Sentencing Guidelines dealing with the calculation of the base offense level for offenses involving cocaine base. Both defendants were appointed counsel through the Office of the Federal Public Defender for the Northern District of Ohio, who filed virtually identical responses to both motions, stating,

> Upon review of the defendant's presentence investigation report, the judgment and commitment order in this case, and an analysis of the issue of eligibility conducted by the United States Pretrial Services and Probation Office, the undersigned counsel has concluded that the defendant's sentence in this case was based on powder cocaine, not crack cocaine.

Johnson Record on Appeal ("ROA") at 85 (Johnson Resp. by Counsel); Moss ROA at 21 (Moss Resp. by Counsel). The government also filed identical motions in both cases, stating that, based on an independent review of the PSR, the government "concurs with the Federal Public Defender's conclusion [] that the above-captioned defendant is ineligible for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 706." Johnson ROA at 88 (Johnson Gov't Reply); Moss ROA at 24

(Moss Gov't Reply).  Johnson did not file any further documents, but Moss, acting pro se, filed a motion for reconsideration, further arguing that his sentence was based on cocaine base, entitling him to a two-level reduction under the amended guidelines.

On July 18, 2008, the district court denied both motions, finding for each that, although the charge of conviction involved both powder cocaine and crack cocaine, the sentence was based only on powder cocaine:

> Defendant [Johnson] pled guilty to conspiracy to distribute cocaine (powder) and cocaine base (crack).  His sentence, however, was based on the parameters for powder cocaine and not crack cocaine.  He is therefore ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10 and U.S.S.G. § 2D1.1.

Johnson ROA at 91 (Johnson Dist. Ct. Order).

> Defendant [Moss] was convicted of Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base.  Although both cocaine (powder) and cocaine base (crack) were part of the indictment, the sentence in this case was based on powder cocaine.  Defendant is therefore ineligible for a reduction in sentence under 18 U.S.C. Sec. 3582/U.S.S.G. Sec. 2D1.1[.]

Moss ROA at 37 (Moss Dist. Ct. Order).  Both defendants filed timely appeals.

## II.  ANALYSIS

### A.  Standard of Review

Generally, "[a] motion for modification made under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion."  *United States v. Wayne Carter*, 500 F.3d 486, 490 (6th Cir. 2007).  "'Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.  A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'"  *United States v. Larry Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (quoting *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005)).  Where, as here, the district court does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under the statute, the district court's

conclusion that the defendant is ineligible for a sentence reduction is a question of law that is reviewed de novo. *See, e.g.*, *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009); *United States v. Sanchez*, 562 F.3d 275, 277-78 & n.4 (3d Cir. 2009); *United States v. Fanfan*, 558 F.3d 105, 107 (1st Cir. 2009); *United States v. Baylor*, 556 F.3d 672, 673 (8th Cir. 2009); *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009); *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

**B.  Eligibility for Sentence Reduction Under § 3582(c)(2)**

Section 3582(c)(2) provides an exception to the normal rule that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This subsection allows for modification under the following circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2).

Section 1B1.10 of the Sentencing Guidelines identifies the guidelines amendments which may be applied retroactively and establishes the proper procedure for implementing an amendment under § 3582(c)(2). The current version of § 1B1.10, which became effective March 3, 2008, provides generally that

> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1); U.S. Sentencing Guidelines Manual app. C, amend. 712 (2008). Consistent with the statutory directive that a reduction may be given only to "a

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), Section 1B1.10 sets out two cases in which a reduction in a defendant's term of imprisonment is *not* authorized:

> Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—
>
> > (A)　None of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B)　An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2).

Also effective March 3, 2008, the Commission added Amendment 706, as amended by Amendment 711, to the list of covered amendments in subsection § 1B1.10(c).　*See* U.S. Sentencing Guidelines Manual app. C, amend. 713 (2008). Amendment 706, which had become effective on November 1, 2007, lowered the base offense level under U.S.S.G. § 2D1.1 for drug-trafficking offenses involving cocaine base, also known as crack.　Amendment 706, now amended by both Amendments 711 and 715, has the effect of reducing by two levels the base offense level for most cocaine-base offenses.

Here, the district court found that neither Johnson nor Moss was eligible for a reduced sentence under § 3582(c)(2), because their sentences were based solely on powder cocaine, meaning that Amendment 706 would not have the effect of lowering their sentences.　Each defendant now argues that, because his *conviction* was based in part on cocaine base and his PSR refers to conduct involving cocaine base, the district court's finding that his *sentence* was not based on cocaine base was clearly erroneous. Both defendants state that "the threshold issue in this matter is whether his conviction and sentence involved either base or powder cocaine, or some combination of both." Johnson Br. at 10; Moss Br. at 12.　Neither defendant, however, provides support for the

proposition that the court should look at the basis for the conviction rather than focusing solely on the basis for calculating the sentence; instead, each defendant states only the "general proposition" that "a conviction and sentence are inextricably linked." Johnson Br. at 10; Moss Br. at 12. It is true that both defendants' *convictions* were based on both powder cocaine and cocaine base. It is also clear, however, that both defendants were *sentenced* under the guidelines applicable only to powder-cocaine offenses.

The district court correctly noted that Johnson pleaded guilty to conspiracy to distribute both powder cocaine and cocaine base. The PSR, however, calculated his base offense level of 34 using the drug quantity table for powder cocaine, and the resulting guidelines range was adopted by the district court. Johnson's base offense level was derived from testimony presented by the government at the sentencing hearing establishing Johnson's responsibility for purchasing for distribution more than fifteen but less than fifty kilograms of powder cocaine. Although Heard testified that Johnson converted the powder cocaine to crack cocaine before distributing it, the drug quantities used in the sentencing calculation were the quantities of powder cocaine. Section 2D1.1(c) of the 1998 guidelines, under which Johnson was sentenced, contains the drug-quantity tables for calculating the base offense level for drug-trafficking offenses. Under § 2D1.1(c)(3), at least fifteen but less than fifty kilograms of powder cocaine results in a base offense level of 34. Had Johnson been sentenced based on the cocaine-base quantity, the appropriate section would have been § 2D1.1(c)(1), which gives a base offense level of 38 for offenses involving 1.5 kilograms or more of cocaine base. Therefore, it is clear that Johnson was sentenced under the guidelines for powder-cocaine offenses, not the increased offense levels for cocaine-base offenses.

Moss's argument likewise fails. Again, the district court correctly noted that both powder cocaine and cocaine base were part of the indictment under which Moss was convicted. The PSR calculated his base offense level of 34 using the drug-quantity table for powder cocaine, based on the government's statement that Moss was responsible for in excess of fifteen kilograms of cocaine. Moss did not object to either the drug quantity or the base offense level, and this calculation was adopted by the

district court. Section 2D1.1(c) of the 1997 version of the guidelines, under which Moss's sentence was calculated, set forth the drug-quantity tables for calculating the base offense level for drug-trafficking offenses. Under § 2D1.1(c)(3), at least fifteen but less than fifty kilograms of powder cocaine results in a base offense level of 34. Like Johnson, had Moss been sentenced based on the cocaine-base quantity, the appropriate section would have been § 2D1.1(c)(1), which gives a base offense level of 38 for offenses involving 1.5 kilograms or more of cocaine base. The drug quantity was supported by Reese's testimony that "he sold cocaine to [Moss] in quantities of 1/4 and 1/2 kilograms, every week, and sometimes twice a week, for two to three years." *Moss*, 2000 WL 553901, at *5. Although it is unclear whether Reese was referring to quantities of powder cocaine or quantities of cocaine base, it is clear based on the calculation adopted by the district court that these amounts were treated as powder cocaine for purposes of the § 2D1.1(c) base-offense-level calculation. Therefore, Moss was sentenced under the guidelines for powder-cocaine offenses, not the increased offense levels for cocaine-base offenses.

Johnson and Moss argue, however "that whether or not the amount of cocaine base under the superseding indictment, if properly calculated under the equivalency table, would affect the overall guideline calculation is irrelevant." Johnson Br. at 12; Moss Br. at 14. This statement is simply incorrect. Under § 1B1.10(a)(2), a sentence reduction is authorized only if one of the listed amendments is applicable to the defendant and the amendment would "have the effect of lowering [his] applicable guideline range." Therefore, whether the amount of cocaine base would affect the overall guideline calculation is explicitly made relevant by § 1B1.10(a)(2)(B). Because both Johnson's and Moss's sentences were calculated based on only the powder-cocaine offense levels, the district court correctly found that it was not authorized to reduce their sentences under § 3582(c)(2). *See United States v. Mendoza*, 282 F. App'x 487, 488 (8th Cir. 2008) (concluding that defendant was ineligible for relief under § 3582(c)(2) because his sentence was "driven by the quantity of powder cocaine he conspired to distribute," whereas "Amendment 706 only affects those defendants whose guideline range was determined based on their involvement with crack cocaine"); *see also United*

*States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (affirming district court's conclusion that it lacked authority to reduce defendant's sentence under § 3582(c)(2) where the sentence was based on the statutory mandatory-minimum term and the defendant therefore "was not in fact sentenced based on a Guidelines range that was subsequently reduced").

### III.  CONCLUSION

Because both Johnson and Moss were not sentenced based on the guidelines applicable to offenses involving cocaine base, we **AFFIRM** the judgments of the district court denying the defendants' motions for sentence reduction under § 3582(c)(2).