**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0025n.06

**No. 08-6151**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 13, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| EDDIE BARBER, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
|    Defendant-Appellant. | ) | |

Before: NORRIS, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge.  A jury convicted Eddie Barber of conspiracy to distribute cocaine and cocaine base, and possession with intent to distribute cocaine and cocaine base; the district court sentenced him to 360 months' imprisonment.  Barber moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based upon the Sentencing Guidelines amendments that retroactively lowered the base offense levels for crimes involving cocaine base.  The district court denied the motion, finding that it lacked jurisdiction to alter Barber's sentence because the amendments left the applicable sentencing range unaffected.  Barber appeals, and we affirm.

I.

In 1995, a jury convicted Barber of the above-referenced drug offenses, which involved approximately 2.5 kilograms of cocaine base and approximately the same amount of powder cocaine.

Applying the Drug Quantity Table then in effect, Barber's conviction carried a base offense level of 38. Barber's role as an organizer or leader of the criminal activity added another four levels, yielding an adjusted offense level of 42, and, with his criminal history category pegged at III, the Sentencing Guidelines (then mandatory) yielded a range of 360 months to life imprisonment. The district court sentenced him at the low end of that range, to 360 months.

In 2007, the Sentencing Commission promulgated Amendment 706, which reduced by two the base offense level for most offenses involving cocaine base, including Barber's. Soon thereafter, Amendment 713 added Amendment 706 to the list of amendments in USSG § 1B1.10(c), giving it retroactive effect.

Barber filed a motion under § 3582(c)(2) seeking a reduced sentence due to the retroactive application of the amendment, which lowered his base offense level from 42 to 40. The district court denied the motion, finding that it lacked jurisdiction because although the amendment reduced Barber's base offense level, the applicable guideline range remained unaffected at 360 months to life. Barber timely appealed.

II.

On appeal, Barber argues that the district court erred in concluding that it lacked jurisdiction to reduce his sentence because the terms "sentencing range" and "applicable guideline range" carry different meanings, and the reduction in his base offense level qualified as a reduction in his

"sentencing range" under Barber's suggested definition, thus authorizing resentencing. In the alternative, Barber contends that even without a reduction in his sentencing range, the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), rendered the guidelines advisory in all contexts, including resentencing proceedings held pursuant to § 3582(c)(2), and therefore the district court erred in holding that it lacked jurisdiction.

**A.      Resentencing Was Not Authorized Because the Amendments Did Not Lower Barber's Applicable Guidelines Range**

Where the district court finds that it lacks authority to reduce a defendant's sentence under § 3582(c)(2), we review de novo. *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009). Section 3582(c)(2) authorizes a district court to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Barber's argument completely fails to account for the latter requirement.

The Sentencing Commission's policy statement applicable to this situation expressly provides that a sentencing reduction "is not authorized" if the relevant guidelines amendment "does not have the effect of lowering the defendant's applicable guidelines range." USSG § 1B1.10(a)(2)(B). Here, the parties do not dispute that at all times, both before and after retroactive application of Amendment 706, Barber's "applicable guidelines range" remained constant at 360

months to life. Accordingly, because any sentence reduction would have conflicted with the Sentencing Commission's applicable policy statements, we affirm the district court's conclusion that it lacked jurisdiction, and need not reach Barber's strained linguistic argument regarding the meaning of "sentencing range."

In any event, Barber's "sentencing range" argument fails because the term does not carry the meaning he attributes to it. According to Barber, "the meaning of 'sentencing range' is not just the numerical 'guideline range' but also the offense level and the criminal history category," and therefore, so the argument goes, a change in any of those components alters the "sentencing range" so as to authorize resentencing. True enough, the defendant's offense level and criminal history category *factor into* the calculation of the sentencing range. But "[t]he term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009) (quoting *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008)). In many cases, as here, changes in the underlying components like the offense level do not affect the final "sentencing range" produced by the guidelines. And since Barber needed to establish a change to that final product, rather than to one of the input factors, to authorize resentencing under § 3582(c)(2), the district court correctly held that it lacked jurisdiction.

**B.      The District Court's Conclusion That It Lacked Jurisdiction Did Not Violate *Booker***

Relying on the Ninth Circuit's decision in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), Barber argues alternatively that, post-*Booker*, the district court retained discretion to deviate from the Guidelines on resentencing, even in the absence of a change in his applicable guidelines range. Our recent decision in *United States v. Washington*, 584 F.3d 693 (6th Cir. 2009), forecloses this argument. *Washington* held that sentence modification proceedings under § 3582(c)(2) do not implicate the constitutional defect addressed in *Booker*. 584 F.3d at 699–700. Moreover, even if this court had accepted *Hicks*'s holding, it would not aid Barber, since *Hicks* first demands that resentencing be authorized by § 3582(c)(2) before granting the district court discretion to resentence the defendant below the Guidelines range. *Id.* at 698 (citing *Hicks*, 472 F.3d at 1171). As explained above, because Barber's "applicable guidelines range" held steady at 360 months to life, § 3582(c)(2) did not permit resentencing.

III.

For these reasons, we affirm.