**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0366n.06

**No. 08-2211**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 15, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| DEMONDESZE JOHNSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  SILER and GIBBONS, Circuit Judges; REEVES, District Judge.[*]

**DANNY C. REEVES, District Judge.**  Defendant-appellant Demondesze Johnson appeals the district court's denial of his motion for resentencing under 18 U.S.C. § 3582(c).  For the following reasons, we affirm the district court's decision.

I.

The facts of this case are not in dispute and are set forth in Johnson's Presentence Investigation Report.  On October 3, 2001, Johnson pled guilty to possession with intent to distribute approximately four grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  In accordance with United States Sentencing Guideline ("U.S.S.G.") § 2D1.2(a)(1), Johnson had a base offense level of 24.  This level was increased two levels for possession of a firearm and reduced three levels for acceptance of responsibility, for a total offense level of 23.  It was further determined that Johnson's

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Criminal History Category was IV. These calculations resulted in a guideline imprisonment range of 70 to 87 months. However, because Johnson was a career offender under U.S.S.G. § 4B1.1, his base offense level became 32 and his Criminal History Category was increased to VI. The district court reduced his total offense level by three, to 29, for his timely acceptance of responsibility. The resulting guideline range was 151 to 188 months. The district court ultimately sentenced Johnson to a term of imprisonment of 151 months.

After Johnson was sentenced, the United States Sentencing Commission adopted Amendment 706 to the guidelines. The retroactively applicable amendment reduced the base offense levels in U.S.S.G. § 2D1.1 for the unlawful possession of all but the largest quantities of crack cocaine. Under U.S.S.G. § 1B1.10, district courts were given the authority to resentence (and reduce) those previously sentenced for crack-cocaine offenses. Specifically, § 1B1.10(a)(1) states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1). However, § 1B1.10(a)(2) contains the following exclusion:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . (B) An amendment . . . does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). Johnson filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), arguing that although he was sentenced as a career offender, the district court had the authority to resentence him because his sentence was based on a crack-cocaine offense.

The district court heard argument on Johnson's motion, with Johnson present by video-teleconference facilities from prison. At the conclusion of the hearing, the district court denied Johnson's motion and made the following oral ruling:

> In this particular matter, the Court believes that the defendant, Mr. Johnson, does not come under 18 U.S.C. 3582(c) because he was not originally sentenced either for the amount or for the drugs, he was sentenced as a career criminal.
>
> If I were to say that that statute applied, I'd have to — it would be a long stretch, number one, but even more importantly, and I wouldn't mind taking the long stretch, it was never — doesn't appear to be the intention of [C]ongress to open the doors for resentencing, though perhaps if I could resentence here, knowing how well he has done in prison, he has gotten his [GED] and so forth, I would, certainly I would consider the factors of 3553, and so forth, but it doesn't open the door for me to do so unless he comes within the statute. And because of the fact that he was sentenced as a career criminal and not because of the drug type or the amount, the door has not been opened, and therefore the Court doesn't believe that he's eligible for resentencing, and the Court will exercise its authority and jurisdiction, should it open the door, and so for those reasons I deny the motion.

Johnson filed a timely notice of appeal from the district court's denial of his motion for resentencing.

## II.

A district court may only modify a defendant's sentence as provided by statute. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009) (citing *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute"; resentencing is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress.")). In cases where "the district court does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under the statute, the district court's conclusion that the defendant is ineligible for a sentence reduction is a question of law that is reviewed de novo." *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir.

2009) (citing *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009); *United States v. Sanchez*, 562 F.3d 275, 277-78 & n.4 (3d Cir. 2009); *United States v. Fanfan*, 558 F.3d 105, 107 (1st Cir. 2009); *United States v. Baylor*, 556 F.3d 672, 673 (8th Cir. 2009); *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009); *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008)).

On July 6, 2009, Johnson filed his brief with this Court, contending that the district court erred when it held that it did not have the authority to reduce his sentence for a crack-cocaine offense pursuant to 18 U.S.C. § 3582(c)(2) because he was also found to be a career offender under the guidelines. On July 14, 2009, this Court issued its opinion in *Perdue*, which is dispositive. *See* 572 F.3d at 288. In *Perdue*, the defendant entered a guilty plea to one count of possessing crack cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). *Id.* at 289. He was found to be a career offender under U.S.S.G. § 4B1.1 and sentenced to 151 months. *Id*. at 290. Following sentencing, the Sentencing Commission adopted Amendment 706 to the guidelines. The defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *Id*. The district court denied the motion, concluding that Amendment 706 did not apply to the defendant because he was sentenced under the career-offender guidelines. *Id*. Upon review, the Sixth Circuit affirmed that a district court has no authority under Amendment 706 to resentence a defendant originally sentenced as a career offender. *See id.* at 293 ("Because Amendment 706 has no effect on the ultimate sentencing range imposed on Perdue under the career-offender Guideline, the district court did not err in declining to grant his motion for a reduction in sentence.").

Here, as in *Perdue*, the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1. The district court denied Johnson's motion to resentence, concluding that it did not have the

authority to modify the sentence under 18 U.S.C. § 3582(c)(2) because he was properly sentenced as a career offender. Because the issue and facts of this case mirror *Perdue*, that decision is controlling. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (prior decision by another Sixth Circuit panel "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision"). Therefore, the district court's conclusion that it did not have the authority to resentence Johnson pursuant to 18 U.S.C. § 3582(c)(2) must be upheld.

III.

For the foregoing reasons, we affirm the district court's decision.