NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0381n.06

No. 09-5309

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 24, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| | ) | |
| MICHAEL COURTNEY MARLOWE, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

BEFORE: NORRIS, MOORE, and McKEAGUE, Circuit Judges.

**PER CURIAM.** Defendant Michael Marlowe appeals from the denial by the district court of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). In 1991, defendant entered into a conditional plea agreement with the government, acknowledging his guilt to three counts of an eight-count superseding indictment. The count at issue in this appeal involves defendant's participation in a conspiracy to "distribute and possess with the intent to distribute cocaine hydrochloride and cocaine base (crack)" in violation of 21 U.S.C. §§ 846, 841(a)(1). The district court imposed a sentence of 262 months of imprisonment for that offense.

In 2008, defendant sought modification of his sentence in light of amendments to the federal sentencing guidelines that reduced the sentences for offenses involving crack cocaine. The guidelines specify that these amendments are to be retroactively applied. U.S.S.G. § 1B1.10(c).

However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

While the count of the indictment at issue charged defendant with trafficking in both forms of cocaine, the pre-sentence report calculated defendant's base offense level of 36 based strictly on the assumption that his offense involved between 50 and 150 kilograms of powder cocaine. At the sentencing hearing, defense counsel conceded that his client had trafficked in that amount and the district court imposed sentence based upon that finding.

In denying defendant's motion to modify his sentence, the district court stated that "[i]n calculating the applicable sentencing guidelines the court did not use any quantity of cocaine base." Because the amendments to the guidelines at issue would not lower the applicable guidelines range, the district court concluded that in light of U.S.S.G. § 1B1.10(a)(2)(B) it lacked authority to reduce defendant's sentence.

In a case inexplicably ignored by appellate defense counsel, this court has analyzed this very issue. *United States v. Johnson*, 569 F.3d 619 (6th Cir. 2009). There, we faced a set of facts remarkably similar to those of this case. Defendant Johnson pleaded guilty to participating in a conspiracy involving both crack and powder cocaine. However, according to the district court in that case, it sentenced Johnson "based on the parameters for powder cocaine and not crack cocaine." *Id.* at 622. In affirming the denial of Johnson's motion to modify his sentence based upon the same

2

amendments to the guidelines invoked here, we reasoned that, while his conviction may have been based upon both powder and crack cocaine, because his sentence was calculated based only on the powder-cocaine offense levels, the district court correctly found that it was not authorized to reduce the sentence. *Id.* at 625. We discern no distinction between *Johnson* and this case. It is axiomatic that "[a] published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision.'" *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

The judgment of the district court is **affirmed**.