NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0729n.06

**No. 09-1976**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
) ON APPEAL FROM THE
    v. ) UNITED STATES DISTRICT
) COURT FOR THE EASTERN
) DISTRICT OF MICHIGAN
EARL JONES, )
)
    Defendant-Appellant. )
)

BEFORE: SUTTON and GRIFFIN, Circuit Judges; and BERTELSMAN, District Judge.[*]

PER CURIAM.

Defendant Earl Jones appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c). We affirm.

I.

Jones was convicted of a variety of drug-related charges, including conspiracy to distribute narcotics under 21 U.S.C. § 846(b)(1)(C). On remand for resentencing following an initial appeal, the district court found that Jones was accountable for the sale of at least 50 grams of crack cocaine and imposed a mandatory minimum sentence of 240 months imprisonment under 21 U.S.C. § 841. We affirmed. *See United States v. Jones*, 181 F.3d 105, 1999 WL 357762 (6th Cir. 1999)

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

(unpublished table decision). Jones later filed a motion for a reduction of his sentence pursuant to

18 U.S.C. § 3582(c) based on the amendments to the United States Sentencing Guidelines for cases

involving crack cocaine. The district court denied the motion, concluding that § 3582(c) did not

permit it to reduce a sentence below the applicable mandatory minimum term of imprisonment.

Jones timely appeals.

## II.

We review the district court's determination that it lacked authority to reduce Jones's

sentence de novo. *See United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009) (noting that

"[w]here, as here, the district court does not simply decline to use its authority under § 3582(c)(2)

but instead rules that it has no authority to reduce the defendant's sentence under the statute, the

district court's conclusion that the defendant is ineligible for a sentence reduction is a question of

law that is reviewed de novo.") (citation omitted).

## III.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The 2007 crack cocaine amendments reduced the § 2D1.1 base offense levels for crack by two and

were made retroactive. *See* U.S.S.G. § 2D1.1; U.S.S.G. Amends. 706, 711, and 715. However, as

the district court correctly concluded, those amendments do not lower Jones's Guideline range here

because he was sentenced pursuant to the 240-month mandatory minimum in 21 U.S.C. § 841. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (finding that "[n]othing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum") (citing *United States v. Green*, 532 F.3d 538, 546 n.8 (6th Cir. 2008)).

Jones does not disagree, but argues that he should not have been sentenced to the 240-month mandatory minimum in the first place. He claims that it was wrong for the district court to apply the mandatory minimum found in 21 U.S.C. § 841 "[b]ecause he was convicted under 21 U.S.C. § 846(b)(1)(C), which contains no mandatory minimum [sentence,]" and because "pick[ing] the mandatory minimum[] from within one offense and allow[ing] it to be applied to a separate offense in order to avoid the need for a jury finding on the quantity of a controlled substance present . . . . flies in the face of a logical reading of the statute." Jones also asserts that the district court's application of § 841 runs afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), inasmuch as "the statutory maximum is increased under different subsections" and "the statutory maximums and mandatory minimums are so closely intertwined with each other and the drug quantities [that] they must be read together as being defined within one concrete offense."

There is, as Jones acknowledges, at least one major problem with this argument: it is foreclosed by our decisions in *United States v. Cox*, 565 F.3d 1013, 1017 (6th Cir. 2009) and *United States v. Copeland*, 321 F.3d 582, 603 (6th Cir. 2003), which authorize the district court's application of the § 841 mandatory minimum in this context. *See Copeland*, 321 F.3d at 603 (explaining that "where a defendant is made subject to a higher range of punishment under §§

841(b)(1)(A) and (B) but is nonetheless sentenced within the confines of § 841(b)(1)(C), his rights

under *Apprendi* are not violated"); *cf.* defendant's br., p. 8 (noting that he only "raises th[e] issue to

preserve it for *en banc* or Supreme Court review").   Because we lack the authority to overrule

published panel opinions of this court, *see United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996)

and 6th Cir. R. 206(c), the merits of Jones's argument need not be addressed, and the district court's

decision must be affirmed.

AFFIRMED.