**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0765n.06

**No. 09-5710**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 15, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JAY JOSEPH BROWN, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GILMAN, and GRIFFIN, Circuit Judges; and COLLIER, Chief District Judge.[*]

**CURTIS L. COLLIER, Chief District Judge**.  Defendant-Appellant Jay Joseph Brown ("Brown") appeals the district court's order denying relief pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  The district court denied such a reduction under Amendments 706 and 713 to the United States Sentencing Guidelines ("USSG"), concluding, because Brown's sentencing range was based on his status as a career offender and not because his offense involved cocaine base, he was ineligible for relief.  The parties have waived oral

_____

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

argument and we unanimously agree that oral argument is not needed in this case. Fed. R. App. P. 34(a).

For the reasons set forth below, we AFFIRM the district court's decision.

## I. Relevant Facts

Brown was sentenced to a term of 360 months' imprisonment after pleading guilty to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of more than five grams of cocaine base in violation of 21 U.S.C. § 844(a), and a jury found him guilty of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Brown's base offense level was 26, and two levels were added because a firearm was possessed during the drug offense, pursuant to United States Sentencing Guideline § 2D1.1(c)(7). However, Brown was subject to the career-offender provisions, causing his adjusted offense level of 28 to be enhanced to 37 pursuant to USSG § 4B1.1. The district court found, and the parties did not dispute, that the Presentence Report ("PSR") correctly reflected Brown's Guideline range based on an offense level of 37 and a criminal history category of VI, which established a range of 360 months to Life.

The Sentencing Commission amended USSG § 2D1.1(c) in 2009 to reduce by two the base offense level for most crack-cocaine offenses and made this reduction retroactive. USSG App. C, Amend. 706; USSG § 1B1.10(c). On November 12, 2008, the district court appointed counsel for

09-5710
*United States v. Jay Joseph Brown*

Brown and ordered the probation office to file a Memorandum of Recalculation ("MOR") under seal.

The MOR noted that the retroactive application of Amendment 706 would lower Brown's base

offense level from a 26 to 24, but due to his career-offender status, his total offense level would

remain at 37. Thus, the MOR stated Brown was not eligible for a reduction because his "status as

a career offender, [does] not lower the guideline range for imprisonment." Over Brown's objection,

the district court denied a sentence reduction based on the retroactivity of Amendment 706.

Brown now appeals the district court's order denying a sentence reduction under 18 U.S.C.
§ 3582(c)(2).

## II.  Standard of Review

A district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is

reviewed for abuse of discretion. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009).  As

this court has previously explained, "'[a] district court abuses its discretion when it relies on clearly

erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal

standard.'"*Id.* (alteration in original) (quoting *United States v. Larry W. Carter*, 463 F.3d 526, 528

(6th Cir. 2006)).  Where, as here, the district court concludes that it lacks the authority to reduce a

defendant's sentence, its determination of the defendant's ineligibility for a sentence reduction is a

question of law that we review *de novo*.  *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir.

2009).

- 3 -

### III. Analysis

As a general rule, district courts may not change or modify a sentence unless such authority is expressly granted by statute. *See United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citation omitted). Such authority is granted in 18 U.S.C. § 3582(c)(2), where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Sentencing Commission has issued guidance pertaining to modifications under §3582(c)(2) in USSG § 1B1.10. "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2). Amendment 706 is among those listed in subsection (c) to USSG § 1B1.10.

Brown challenges the denial of his sentence reduction as inconsistent with *United States v. Booker*, 543 U.S. 220 (2005), which made the Guidelines advisory. He argues the district court erred in finding that his sentencing range was based on his career-offender status rather than his attributable amount of cocaine base. He also asserts "based on a sentencing range" should be construed to mean "base offense level." As Brown concedes, these arguments are foreclosed by

*Perdue.*[1] This court found no error in the district court's denial of a reduction in *Perdue* because

Amendment 706 had no effect on the ultimate sentencing range imposed under the career-offender

Guidelines. In response to Perdue's statutory interpretation of "based on a sentencing range" and

his *Booker* argument that the district court retained power under USSG §1B1.10(a) to further reduce

his sentence based on the advisory nature of the Guidelines, the court explained:

> This argument, however, is without merit. Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce Perdue's sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2). As ably explained by the court below: [t]he language of § 3582(c)(2) favors the government's interpretation. By its terms, the *statute* applies to a defendant whose sentence was 'based on' a subsequently-lowered 'sentencing range.' Perdue's sentence was based on the guideline ranges applicable to career offenders under § 4B1.1. The alternative base offense level under § 2D1.1 ultimately did not affect the calculation of the sentencing range under the career offender classification, § 4B1.1. Thus, Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based.

572 F.3d at 292-93.

Furthermore, this Court has consistently determined that "a defendant convicted of crack-

related charges but sentenced as a career offender under USSG § 4B1.1 is not eligible for a reduction

based on Amendment 706." *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (citing

*United States v. Bridgewater*, 606 F.3d 258, 260-61 (6th Cir. 2010)); *see also United States v.*

---

[1] At the time of filing his brief, a petition for rehearing en banc was pending in *Perdue*; however, this petition was denied. Brown submitted his brief "[i]n the event that the petition for rehearing is granted."

09-5710
*United States v. Jay Joseph Brown*

*Williams*, 607 F.3d 1123, 1125-26 (6th Cir. 2010); *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008); *United States v. Leasure,* 331 F. App'x 370, 378 (6th Cir. 2009). Brown makes no attempt to distinguish *Perdue*, nor is there any indication the district court relied on the guideline range attributable to crack cocaine as a point of comparison in granting a departure or variance. *Cf. United States v. Hameed*, 614 F.3d 259, 264-67 (6th Cir. 2010) (distinguishing *Perdue* because the district court began its point of departure for a § 5K1.1 motion as the base offense level established by § 2D1.1 and "it is beyond peradventure that the district judge in this case actually relied on the crack guidelines in selecting a final sentence").

We have no basis to depart from our established authority on the legal issue in question where Brown was clearly sentenced pursuant to a career-offender guideline range and Amendment 706 did not subsequently lower this range.

## IV. Conclusion

For these reasons, we AFFIRM the decision of the district court.