NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0445n.06

No. 09-1549

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | FILED<br><br>***Apr 26, 2012***<br><br>LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JEWELL LAMONT ALLEN, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and ROGERS, Circuit Judges, and ZOUHARY,[*] District Judge.

PER CURIAM. Following the application of Amendment 706 to the United States Sentencing Guidelines to his sentence, defendant Jewell Lamont Allen further requested an additional modification that would reduce his prison term below the applicable statutory minimum. The district court denied that request. We now affirm the district court's sentencing order.

Pursuant to a written plea agreement, Allen pleaded guilty in 1998 to conspiracy to distribute controlled substances (Count 1), possession with intent to distribute cocaine (Count 13), being a felon in possession of a firearm (Count 14), and possession of a firearm with an obliterated serial number (Count 15). The presentence report attributed between 500 and 1,500 grams of cocaine base to Allen. Allen received a three-level reduction for acceptance of responsibility, which, coupled with a criminal history category of two, resulted in an advisory guidelines range of 292 to 365 months in prison. The plea agreement limited the sentence to 292 to 328 ½ months. The government moved for a USSG § 5K1.1 downward departure asking the court to depart down to a sentence of 264

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

months. The government's motion was granted in part; however, the court specifically stated that it was not construing the government's motion as a motion for a downward departure below the mandatory minimum sentence. On June 11, 1999, the court sentenced Allen to concurrent terms of 280 months on Count 1, 240 months on Count 13, 120 months on Count 14, and 60 months on Count 15, for an aggregate term of 280 months in prison, followed by ten years of supervised release. The court also fined Allen $5000 and imposed a $400 special assessment.

On May 19, 2008, Allen requested a sentence modification, pursuant to § 3582(c)(2), citing Amendment 706, which lowered the sentencing range for crack cocaine offenses under USSG § 2D1.1. He argued that his original sentencing range should be lowered from 292 - 365 months to 235 - 293 months. Counsel sought an additional departure of 12 months, equaling the downward departure he had received at his original sentencing. Later, however, Allen acknowledged that the district court was not authorized to impose a sentence below the mandatory minimum and, therefore, conceded that the correct sentencing range was 240 - 293 months.

At the resentencing hearing, the district court granted the motion and reduced Allen's sentence to 240 months of imprisonment, noting that it was without discretion to reduce the sentence below the mandatory minimum sentence. Allen filed this timely appeal.

Allen's counsel has filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). After a review of the record, counsel concluded that there were no meritorious grounds for appeal but identified this potential issue for review:

> Whether there are no non-frivolous issues on appeal when the district court reduced defendant's sentence range under the crack guideline amendments and resentenced defendant to the mandatory minimum sentence of 240 months but did not grant a sentence below the mandatory minimum when the government filed a 5K1.1 motion for substantial assistance but not a statutory motion under 18 U.S.C. § 3553(e).

We grant counsel's motion to withdraw because he has filed an adequate *Anders* brief indicating that he has fully examined the record and found no meritorious issue to raise on appeal.

Additionally, our independent review of the record reveals no issue that would support an appeal in this case. *See Anders*, 386 U.S. at 744.

We generally review a district court order disposing of a motion to reduce sentence for an abuse of discretion . *United States v. Johnson*, 564 F.3d 419, 424 (6th Cir. 2009). An "[a]buse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (quoting *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005)). However, when the district court rules that it has no authority to reduce the defendant's sentence, its "conclusion that the defendant is ineligible for a sentence reduction is a question of law that is reviewed de novo." *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

"[A] defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission" may seek a sentence reduction. 18 U.S.C. § 3582(c)(2). When considering a motion to reduce sentence, a district court must "determine the amended guideline range that would have been applicable to the defendant" if the sentencing guideline amendment at issue "had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). Section 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant." USSG § 1B1.10(a)(3). Therefore, the court may apply the particular guideline amendment only when calculating the defendant's amended guideline range "and shall leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1).

Amendment 706 to the federal sentencing guidelines became effective on November 1, 2007, and was made retroactive on March 3, 2008. *United States v. Poole*, 538 F.3d 644, 645 - 46 (6th Cir. 2008). Amendment 706 changed the drug quantity table found in USSG § 2D1.1(c), by reducing the base offense levels for cocaine base offenses by two levels. *Poole*, 538 F.3d at 645. Because Allen's conviction involved cocaine base, the district properly reduced his sentence based upon the

provisions of Amendment 706. *See* 18 U.S.C. § 3582(c)(2). Contrary to Allen's argument on appeal, however, the district court was not authorized to reduce his sentence for the cocaine-base offenses below the mandatory minimum sentence of 240 months. *See Johnson*, 564 F.3d at 423.

Accordingly, we grant counsel's motion to withdraw and AFFIRM the district court's order.