NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0731n.06

No. 09-4104

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 19, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Arroyal Hall, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |

Before:     KEITH, KENNEDY, and COOK, Circuit Judges.

**Per Curiam.** Defendant-Appellant Arroyal Hall ("Hall") pled guilty to conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced Hall to a term of 140 months of imprisonment. Hall then filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion. Hall now timely appeals the motion's denial. For the following reasons, we AFFIRM the district court.

**I.**

On December 17, 2003, a federal grand jury in the Northern District of Ohio returned an indictment against Hall. He was charged with conspiracy to possess with intent to distribute cocaine base (Count 1) and possession with intent to distribute cocaine base (Count 2) in violation of 21 U.S.C. §§ 846 and 841(a)(1). On May 10, 2004, Hall pled guilty to count one of the indictment, pursuant to a written plea agreement with the government.

The district court relied on the Presentence Report in determining Hall's applicable sentencing range under the United States Sentencing Guidelines. Because of the amount of cocaine attributed to Hall, he would have received a base offense level of twenty-six under § 2D1.1 if he had not been sentenced as a career offender. However, because Hall qualified as a career offender under § 4B1.1(b)(A), his base offense level was elevated to thirty-seven. The court granted a three-level reduction for acceptance of responsibility and a six-level reduction for substantial assistance to the government under § 5K1.1. With a criminal history category of VI, Hall had an adjusted base offense level of twenty-eight under § 4B1.1. As a result, Hall fell within a sentencing guideline range of 140 to 174 months. On October 15, 2004, the district court sentenced Hall to 140 months of imprisonment.

Subsequently, Hall filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels for crack cocaine offenses. The district court denied Hall's motion for a reduction of sentence because his Guidelines range was enhanced under the career offender provision, § 4B1.1, and he was thus ineligible for a sentence reduction under Amendment 706. Hall now timely appeals the denial of his motion for a reduction of sentence.

## II.

We review a district court's denial of a motion to modify a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly

2

applies the law or uses an erroneous legal standard." *Id*. (quoting *United States v. Larry W. Carter*, 463 F.3d 526, 528 (6th Cir. 2006)).

## III.

The issue on appeal is straightforward, and one directly addressed by this circuit before – whether Amendment 706 gives cause to reduce a defendant's sentence when the Guidelines range was determined based upon his status as a career offender. Amendment 706, passed in November 2007 and made retroactive in 2008, reduces by two levels the base offense level under the Guidelines where a defendant was convicted under § 2D1.1 for crack cocaine offenses. U.S.S.G. Supp. App. C, Amdt 706 (effective Nov. 1, 2007); *see also id.*, Amdt 713 (effective Mar. 3, 2008). In *Perdue*, this circuit expressly held that Amendment 706 has no effect on the Guidelines range of a defendant sentenced as a career offender. 572 F.3d at 293. Nevertheless, Hall appealed in this case in order to preserve his appeal if the Supreme Court reviewed the issue. Hall argues that, in light of *United States v. Booker*, 543 U.S. 220 (2005), all Guideline provisions are discretionary and no longer mandatory, thereby authorizing the district court to reduce a sentence below the applicable range pursuant to § 3582(c)(2), even though he was sentenced as a career offender.

Recently, the Supreme Court in *United States v. Dillon*, 130 S. Ct. 2683 (2010), directly addressed the issue of whether *Booker* applies to motions for a reduction of sentence under § 3582(c)(2). The Court held that it does not. *Dillon*, 130 S. Ct. at 2692. *Booker* requires a court to base sentencing upon facts found beyond a reasonable doubt by the jury. 543 U.S. at 244. This decision effectively rendered the Guidelines advisory in contradiction to § 3553(b)(1), which

requires a sentencing court to follow the applicable Guidelines range. *Id*. at 259. As the Court explained in *Dillon*, *Booker* applies to sentencing and resentencing proceedings, while § 3582(c)(2) provides for a limited sentence modification to an otherwise final sentence in circumstances specified by the Sentencing Commission. *Dillon*, 130 S. Ct. at 2690. Though under § 3582(c)(2) a sentencing court should consider the requirements under § 3553(b)(1), it may only do so after considering whether the prisoner is eligible for sentence reduction following § 1B1.10. *Id*. at 2691-92. Even then, the court only considers § 3553(b)(1) for the limited purpose of determining whether to reduce the sentence by the limited amount permitted pursuant to the Guidelines Amendment. *Id*. Thus, "[g]iven the limited scope and purpose of § 3582(c)(2), . . . proceedings under that section do not implicate the interests identified in *Booker*." *Id*. at 2692.

In light of the current jurisprudence of this circuit as affirmed by the Supreme Court in *Dillon*, Hall's appeal has no merit. Accordingly, the district court correctly denied Hall's motion.

## IV.

For the foregoing reasons, the district court did not err in denying Hall's motion for a sentence reduction pursuant to Amendment 706. The judgment of the district court is, hereby, AFFIRMED.