NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0737n.06

No. 09-4004

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 23, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE NORTHERN |
| | ) DISTRICT OF OHIO |
| LEVAR JOHNSON, | ) |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: COLE and WHITE, Circuit Judges; O'MEARA, District Judge.[*]

**JOHN CORBETT O'MEARA, District Judge.** Defendant-appellant Levar Johnson appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we will **AFFIRM** the denial.

**I. BACKGROUND**

Levar Johnson pleaded guilty to two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Because the government filed a sentencing enhancement information under 21 U.S.C.§ 851, the statutory mandatory minimum sentence was raised from 120 to 240 months. Pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e) and § 3E1.1(a), the government moved for reductions in sentence based on Johnson's "substantial assistance," and acceptance of responsibility. The § 3553(e) motion allowed the district court to sentence below the 240-month

---

[*]The Honorable John Corbett O'Meara, United States District Court for the Eastern District of Michigan, sitting by designation.

mandatory minimum. The district court granted the motions, resulting in a Guidelines range of 130 to 162 months. On April 25, 2006, the district court sentenced Johnson to 130 months, followed by three years of supervised release.

Johnson subsequently filed two motions for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on amendments to the Sentencing Guidelines that lowered the base offense levels for crack cocaine offenses.[1] The district court denied both motions in a single order August 13, 2009. It is that order from which Johnson takes this appeal.

## II. ANALYSIS

This court reviews a district court's denial of a motion to modify sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). We have defined an abuse of discretion as "a definite and firm conviction that the trial court committed a clear error of judgment. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (citation omitted).

In this case Johnson argues that the district court abused its discretion in failing to calculate the amended Guidelines range, treating the Guidelines range as mandatory, and failing to consider the factors outlined in 18 U.S.C. § 3553(a).

We find that the district court did not err in denying Johnson's motions for sentence reduction. Section 3582(c)(2) limits sentence reductions to cases in which the defendant was

---

[1]Amendment 706, which became effective November 1, 2007, reduced the base offense level for most crack cocaine offenses by two levels. On March 8, 2008, Amendment 713 went into effect, giving Amendment 706 retroactive effect. *See* U.S.S.G. supp. to app. C, amend. 713.

"sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Johnson's sentence was based on the mandatory minimum imposed by 21 U.S.C. §§ 841(b)(1)(A) and 851, which remained unchanged by the Guidelines Amendment 706. *See United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). In *United States v. Garrett Johnson*, we found that "if Johnson were sentenced today, the amended Guidelines would still require a sentence of 240 months." *Id*. That is true because the starting point for calculating the downward departure is the mandatory minimum. Therefore, in this case if Johnson were re-sentenced today, the amended Guidelines would still require a 240-month sentence; and the court would be departing from this same 240-month baseline if again presented with the government's substantial-assistance motion. The district court was not permitted under 18 U.S.C. § 3582(c)(2) to impose a lower sentence.

Levar Johnson also argues that following the United States Supreme Court decisions in *Booker v. United States*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 552 U.S. 85 (2007), the powder and crack cocaine guidelines are advisory in nature, along with other guidelines, and that the district court erred in not considering the factors outlined in 18 U.S.C. § 3553(a). The Court recently held, however, that "[g]iven the limited scope and purpose of § 3582(c)(2), . . . proceedings under that section do not implicate the interests identified in *Booker*." *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). Thus, *Booker* does not render the Guidelines merely advisory in a § 3582(c)(2) proceeding, and consideration of § 3553(a)'s sentencing factors is appropriate only in determining whether a sentence reduction is appropriate:

> Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress
> intended to authorize only a limited adjustment to an otherwise final sentence and not
> a plenary resentencing proceeding.

*Dillon*, 130 S. Ct. At 2691.

### III. CONCLUSION

For the reasons set forth above, the district court's denial of the motion of modification of

sentence pursuant to 18 U.S.C. § 3582(c)(2) is **AFFIRMED.**