RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

          *Plaintiff-Appellee,*

     *v.*

KELO MCPHERSON,

          *Defendant-Appellant.*

No. 10-3232

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-00115-001—James S. Gwin, District Judge.

Decided and Filed: January 21, 2011

Before: MARTIN, SILER, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Donna M. Grill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. Kelo McPherson, a federal prisoner proceeding through counsel, appeals the judgment of the district court denying his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2004, pursuant to a plea agreement, McPherson pleaded guilty to one count of possession with intent to distribute crack cocaine, possession with intent to distribute

cocaine, and being a felon in possession of a firearm. A presentence report calculated McPherson's total offense level as 33 and his criminal history category as IV, resulting in an advisory guidelines range of imprisonment of 188 to 235 months. Because a statutorily mandated sentence of 240 months was warranted pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, however, McPherson's advisory guidelines range of imprisonment became 240 months. *See* USSG § 5G1.1(b).

At sentencing, the district court granted the government's motion for substantial assistance under USSG § 5K1.1. The district court sentenced McPherson to a term of imprisonment of 168 months based on a total offense level of 32 and a criminal history category of IV.

In December 2009, McPherson filed the instant motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 706, which reduced offense levels for convictions for cocaine base, should reduce his offense level from 32 to 30. The district court denied the motion, however, finding that McPherson was not eligible for a sentence reduction because his sentence was based on the mandatory minimum sentence of 240 months.

McPherson now appeals. On appeal, McPherson's counsel has filed a motion and brief in compliance with *Anders v. California*, 386 U.S. 738, 744 (1967), and Rule 101(f)(3), Rules of the Sixth Circuit, averring that she has fully examined the record and wishes to withdraw due to a lack of good faith issues to appeal. Despite this conclusion, counsel has raised the issue of whether the trial court erred in denying McPherson's motion to modify his sentence. Because counsel has filed an adequate *Anders* brief, and our own independent review of the record, pursuant to *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988), reveals no arguable issues sufficient to sustain the appeal, we grant counsel's motion to withdraw.

When considering McPherson's motion to modify sentence, the district court was limited to consideration of the retroactive effect of Amendment 706. Section 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, __ U.S. __, 130 S. Ct. 2683, 2691

(2010). Accordingly, the only cognizable issue is whether the district court erred in denying the motion. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009).

Section 3582(c)(2) allows a sentence modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* USSG § 1B1.10(a). "A reduction in the defendant's term of imprisonment is not consistent . . . [if] . . . [a]n amendment [to the Guidelines] does not have the effect of lowering the defendant's applicable guideline range." *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010) (citation omitted).

In *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009), we held that a defendant subject to a statutory mandatory minimum sentence is not eligible for a reduction under § 3582(c)(2) because Amendment 706 does not lower the defendant's applicable guideline range. In *Johnson*, the defendant's crack cocaine guideline range was 235 to 293 months but, because he was subject to a mandatory minimum sentence of 240 months, his guideline range became 240 to 293 months. *Id*. at 420-21. Following the grant of a USSG § 5K1.1 motion by the government, the district court imposed a 108-month sentence. *Id.* at 421. Johnson later filed a § 3582(c)(2) motion to reduce sentence, based on Amendment 706, which the district court denied. *Id.* at 421. We affirmed, holding that Johnson "was not in fact sentenced based on a Guidelines range that was subsequently reduced. Rather, his sentence was based on the [240-month] mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706." *Id*. at 423.

Here, McPherson's sentence was not based on a guidelines range that was subsequently reduced. Like the defendant in *Johnson*, it was based on the 240-month minimum sentence mandated by statute. Because Amendment 706 did not lower the statutory mandatory minimum term of imprisonment, McPherson was not eligible for a

sentence reduction pursuant to § 3582(c)(2), and the district court did not err by denying McPherson's motion.

An independent review of the record reveals no other issue that would support an appeal. Counsel's motion to withdraw is, therefore, granted. The judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.