NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0054n.06

No. 09-1115

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 24, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| RONALD STIFF, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

_____

Before: DAUGHTREY, CLAY and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant Ronald Stiff appeals the denial of his motion to modify his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which lowered offense levels related to crack-cocaine offenses. We **AFFIRM**.

On September 13, 1993, Ronald Stiff and two other persons were apprehended while in possession of various quantities of drugs, weapons and cash. Stiff was charged with, *inter alia*, conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count I) and possession with intent to distribute cocaine base, heroin and cocaine, all in violation of 21 U.S.C. § 841 (Counts II-IV). A jury found Stiff guilty of all charges. However, neither the indictment nor the verdict specified the quantities of drugs possessed by Stiff.

1

Based on laboratory reports and information provided by the U.S. Bureau of Alcohol, Tobacco and Firearms, the district court's Probation Department determined that, at the time of their arrest, Stiff and his co-defendants possessed 13.78 grams of heroin, 767.01 grams of cocaine base (commonly referred to as crack cocaine) and 176.85 grams of powder cocaine. Applying the U.S. Sentencing Commission Guidelines Manual ("U.S.S.G." or "the Guidelines"), the Probation Department determined that Stiff's initial sentencing range was 210 to 262 months. However, because Stiff had a prior drug conviction, the Government filed a notice of penalty enhancement under 21 U.S.C. § 851(a)(1), thereby subjecting Stiff to a minimum sentence of 240 months (20 years) pursuant to 21 U.S.C. § 841(b)(1)(A). Due to this statutory minimum, Stiff's effective Guidelines range was 240 to 262 months.

On January 23, 1995, the district court adopted the Probation Department's findings on drug quantities and Guidelines calculations and sentenced Stiff to 240 months' imprisonment, followed by ten years' supervised release. Stiff objected to federal sentencing policies, reflected in then-applicable Guidelines, which treated one gram of crack cocaine as equivalent to 100 grams of powder cocaine.

In November 2007, the Sentencing Commission adopted Amendment 706 to the Guidelines, which reduced by two points the base offense level for most crack-cocaine offenses, including Stiff's. U.S.S.G., Supp. to App. C, at 226-31 (2009). In March 2008, the Commission passed Amendment 713, making Amendment 706 retroactive. *Id.* at 253.

Stiff moved to modify his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 706 lowered his Guidelines range to 168-210 months. The district court denied Stiff's motion

2

because Stiff was subject to a 240-month mandatory-minimum sentence under § 841(b)(1)(A). Stiff objected that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the statutory minimum should not apply because the quantity of drugs involved in the offense was not found by a jury based on proof beyond a reasonable doubt. Therefore, Stiff reasoned, the district court should grant his motion and sentence him anew under § 841(b)(1)(C), which has no mandatory minimum. *See United States v. Copeland*, 321 F.3d 582, 602 (6th Cir. 2003) (explaining the statutory scheme of 21 U.S.C. § 841). The district court rejected this argument as well, stating: "I think the *Apprendi* case law and its progeny indicates that it's not retroactive to sentences prior to [2000]." Since Stiff was sentenced in 1995, based on an indictment issued in 1993, the court concluded that *Apprendi* did not apply.

Stiff raises two issues on appeal. First, he asserts that the district court erred in holding that the mandatory minimum of 21 U.S.C. § 841(b)(1)(A) prevents modifying his sentence. This claim is predicated on Stiff's second argument, that he is not subject to the 240-month mandatory minimum because sentencing him under § 841(b)(1)(A) violates *Apprendi* and its progeny.

This Court reviews *de novo* a district court's determination that it lacks authority to modify a sentence under 18 U.S.C. § 3582(c)(2). *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009). Whether § 3582(c)(2) can be a vehicle for an *Apprendi* challenge to a statutory minimum sentence is a pure question of law; thus, it is also reviewed *de novo*. *See United States v. Lafayette*, 585 F.3d 435, 438 (D.C. Cir. 2009).

The authority of a district court to modify a previously-imposed sentence is limited by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (*citing* 18 U.S.C. § 3582(c) (in general,

3

courts "may not modify a term of imprisonment once it has been imposed")).  However, under 18

U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

(Emphasis added).

Stiff contends that Amendment 706 lowered his initial Guidelines range from 210-262 to

168-210 months, thus triggering § 3582(c)(2).  Therefore, he reasons, the district court erred in

finding that it lacked the authority to modify his sentence.

This Court considered and rejected a similar argument in *United States v. Johnson*, 564 F.3d

419 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009).  In *Johnson*, the defendant's initial Guidelines

range was 235 to 293 months, subject to the 240-month minimum of § 841(b)(1)(A).  *Id.* at 420-21.

Because the defendant provided substantial assistance to authorities, the district court granted the

Government's motion to depart below the statutory minimum and imposed a sentence of 108

months.  *Id.* at 421.  When Amendment 706 entered into effect, the defendant argued that it lowered

his Guidelines range to 188-235 months, thus making him eligible for a sentence modification under

§ 3582(c)(2).  *Id.*  The district court denied the motion because the defendant's mandatory term of

imprisonment originated from § 841(b)(1)(A), which was not altered by Amendment 706.  *Id.*

On appeal, the defendant conceded that he was subject to the 240-month mandatory

minimum of § 841(b)(1)(A).  *Id.* at 422.  However, he argued that, by sentencing him to 108 months,

the district court never actually applied the statutory minimum, and therefore § 841(b)(1)(A) did not prevent modifying his sentence. *Id.* at 422-23. This Court disagreed, explaining:

> [Defendant] was not in fact sentenced based on a Guidelines range that was subsequently reduced. *Rather, his sentence was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706.* "Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); *accord United States v. Goff*, 6 F.3d 363, 366-67 (6th Cir. 1993) ("As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails."). Thus, if [Defendant] were resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government's substantial-assistance motion.

*Id.* at 423 (emphasis added).

Stiff seizes upon the last sentence of this excerpt to argue that *Johnson* is inapposite. Specifically, Stiff argues that, if he were resentenced today, he would not be subject to the 240-month minimum of § 841(b)(1)(A) because this would violate *Apprendi v. New Jersey*. In *Apprendi*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Applying *Apprendi* to 21 U.S.C. § 841, this Court has held:

> [W]here a defendant is sentenced under the higher tiers of this scheme, that is, §§ 841(b)(1)(A) and (B), the quantity of drugs involved must be charged in the indictment and proved beyond a reasonable doubt; otherwise, the defendant should be sentenced to the lower sentencing range of § 841(b)(1)(C).

*Copeland*, 321 F.3d at 602 (*citing United States v. Ramirez*, 242 F.3d 348, 352 (6th Cir. 2001)).

Stiff emphasizes that neither his indictment nor the jury's verdict specified the amount of drugs involved; instead, the district court adopted the Probation Department's findings regarding

drug quantities. Thus, Stiff reasons, "if [he] were resentenced today," *Johnson*, 564 F.3d at 423, the district court would have to apply § 841(b)(1)(C) because the amount of drugs was not proven beyond a reasonable doubt. Since § 841(b)(1)(C) has no mandatory minimum, Stiff concludes that *Johnson* is not on point.

Stiff's argument is based on a faulty premise, which is that he reads *Johnson*'s *dicta* literally. By stating that the defendant's sentence would be the same "if he were resentenced today," the *Johnson* Court simply meant that Amendment 706 did not alter § 841(b)(1)(A), the provision that served as the actual basis for the defendant's sentence. *Johnson* did not intend to suggest that § 3582(c)(2) proceedings are full resentencing hearings. To the contrary, this Court recognizes that "plenary sentencing proceedings [under 18 U.S.C. § 3553] are distinct from § 3582(c) sentence reductions." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009); *see also* U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). The Supreme Court recently emphasized this distinction, stating: "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon v. United States*, ___ U.S. ___, 130 S. Ct. 2683, 2690 (2010) (citations omitted) (alteration in original). Thus, § 3582(c)(2) is not a license to revisit the entire sentencing process to identify and correct any deficiency in the imposed sentence. Rather, it gives courts limited authority to alter a sentence if, and only if, an amendment to the Guidelines lowered the applicable sentencing range. The *Apprendi* rule did not emerge from an amendment to the Guidelines, so Stiff cannot use his § 3582(c)(2)

motion as a vehicle for an *Apprendi* claim. *See Dillon*, 130 S. Ct. at 2692 (holding that the "limited scope and purpose" of § 3582(c)(2) "do[es] not implicate the interests identified in *Booker*" or "the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt.").

Under *Johnson*, therefore, Stiff cannot obtain relief from a § 3582(c)(2) motion because his sentence is based on the statutory mandatory minimum of § 841(b)(1)(A). The Sentencing Commission's policy statements also compel this result. As noted, § 3582(c)(2) authorizes reducing a defendant's term of imprisonment based on an amendment to the Guidelines "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In this case, the applicable policy statement specifies that a sentence cannot be altered if the amendment in question "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In the application notes that accompany § 1B1.10, the Sentencing Commission explains:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . *the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)*.

§ 1B1.10 cmt. n.1(A) (emphasis added). As this commentary makes clear, the statutory minimum of § 841(b)(1)(A) replaced Stiff's initial Guidelines range as the basis for his sentence. However, Amendment 706 modified only the Sentencing Guidelines, not § 841(b)(1)(A). Therefore, Stiff cannot obtain relief under § 3582(c)(2).

7

Stiff asserts that, like the rest of the Sentencing Guidelines, § 1B1.10 was rendered advisory by *United States v. Booker*, 543 U.S. 220 (2005). However, in *Washington*, 584 F.3d at 700, this Court joined the majority of circuits in holding that, despite *Booker* and its progeny, § 1B1.10 remains binding because Congress incorporated the Sentencing Commission's policy statements into § 3582(c)(2). The Supreme Court recently upheld this view. *See Dillon*, 130 S. Ct. at 2691 (holding that, under § 3582(c)(2), "[a] court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).").

The district court's order denying Stiff's motion to modify his sentence is **AFFIRMED**.