**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 11a0145n.06**

**No. 09-4386**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 15, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| MICHAEL TUCKER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Michael Tucker appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons that follow, we affirm.

I.

On August 29, 2006, Michael Tucker was indicted on one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). On September 22, 2006, the government filed an information under 21 U.S.C. § 851 and invoked the penalty enhancement provisions of 21 U.S.C. § 841(b)(1)(A), based upon a prior

---

[1]The parties have waived oral argument, and we unanimously agree that oral argument is not needed in this case. Fed. R. App. P. 34(a).

felony drug conviction for Tucker. This had the effect of raising his statutory mandatory minimum sentence from 120 to 240 months.

Subsequently, Tucker entered into a written plea agreement with the government and pled guilty as charged. The parties stipulated that the amount of cocaine base distributed by Tucker was at least 50 grams but less than 150 grams of crack cocaine, corresponding to a base offense level of 32. Tucker acknowledged that if the penalty enhancement applied, "then his base offense level will be the level first containing the 240 month mandatory minimum sentence in [his] applicable criminal history category."[2] The government agreed to recommend to the court a three-level reduction for acceptance of responsibility and a downward departure of no more than four levels pursuant to U.S.S.G. § 5K1.1 for Tucker's substantial assistance.

The Presentence Investigation Report ("PSR") prepared by the Probation Office noted that Tucker faced a mandatory minimum 240-month sentence. The PSR assigned Tucker a base offense level of 32 which, consistent with the terms of the plea agreement, was then lowered by three levels pursuant to U.S.S.G. §§ 3E1.1(a) and (b), and four levels pursuant to U.S.S.G. § 5K1.1, for acceptance of responsibility and substantial assistance, respectively. Tucker's adjusted offense level was 25 and his criminal history category was VI, with a resultant advisory Guidelines range of 110 to 137 months.[3]

---

[2]The first offense level which incorporated the statutory mandatory minimum in this case was level 32. The Guideline offense level would thus become 240 to 262 months of imprisonment.

[3]The Probation Office noted that the Guideline calculations contained in the PSR did not correspond to the figures contemplated by the plea agreement because Tucker was not, in fact, a

At the sentencing hearing held on April 3, 2007, the district court acknowledged the applicable mandatory minimum sentence of 240 months, but granted the government's motions for a four-level downward departure for substantial cooperation under U.S.S.G. § 5K1.1, and a three-level reduction for acceptance of responsibility, thereby piercing the mandatory minimum sentence. The court sentenced Tucker to 110 months of imprisonment, followed by five years of supervised release. Tucker did not file a direct appeal.

On July 21, 2009, Tucker filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), citing Amendment 706 to the United States Sentencing Guidelines, which reduced offense levels related to convictions for cocaine base. In an order issued on November 9, 2009, the district court denied Tucker's motion, holding:

> [Defendant] was subject to a [mandatory minimum] sentence. Therefore, even applying the two level reduction in the original calculation, the offense level would have to be re-set to correspond [to] a guideline range including the [mandatory minimum] of 240 months; and, the downward departures for [substantial assistance] would come off the adjusted offense level and not the reduced original level, resulting in the same sentence. *See* [*United States v.*] *Johnson*, 564 F.3d 419 (6th Cir. [] 2009).

Tucker now appeals, arguing that the district court erred in denying his motion because his sentence was based upon the amount of crack cocaine involved in the case and not upon the mandatory minimum sentence and, contrary to *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007), the district court failed to consider the factors

---

career offender. The PSR adjusted the offense levels accordingly.

enumerated in 18 U.S.C. § 3553(a) and treated the Guidelines range as mandatory. However, Tucker's arguments are unavailing in light of this court's clearly established precedent.

II.

We review the district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582 for an abuse of discretion. *United States v. Payton*, 617 F.3d 911, 912 (6th Cir. 2010); *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). 18 U.S.C. § 3582(c)(2) is narrow in scope and "'authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.'" *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (quoting *Dillon v. United States*, — U.S. — , 130 S. Ct. 2683, 2691, 177 L.Ed.2d 271 (2010)). Thus, the district court was limited to considering whether Amendment 706 applied retroactively to Tucker's sentence, and on appeal "the only cognizable issue is whether the district court erred in denying the motion." *Id*. (citing *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009)).

In *McPherson*, in circumstances analogous to the present case, we rejected the defendant's argument that Amendment 706 should be applied retroactively to reduce his offense levels for his crack-cocaine sentence. The defendant pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute crack cocaine, possession with intent to distribute cocaine, and being a felon in possession of a firearm. 629 F.3d at 610. With a total offense level of 33 and a criminal history category of IV, the advisory Guidelines range was 188 to 235 months. *Id.* However, because a statutorily mandated sentence was required under 18 U.S.C. §§ 841(b)(1)(A) and 851, the defendant's advisory Guidelines range of imprisonment became 240 months. *Id*. At sentencing, the

district court granted the government's substantial assistance motion under U.S.S.G. § 5K1.1 and,

based on a total offense level of 32 and a criminal history category of IV, sentenced the defendant

to 168 months of imprisonment. *Id.* The court denied the defendant's motion to reduce his sentence

pursuant to 18 U.S.C. § 3582(c)(2), finding that the defendant was not eligible for a sentence

reduction under Amendment 706 because his sentence was based on the mandatory minimum 240-

month sentence. *Id.* at 610-11. On appeal, we affirmed, explaining:

> Section 3582(c)(2) allows a sentence modification "in the case of a defendant who
> has been sentenced to a term of imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission . . . after considering the
> factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable,
> if such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* USSG § 1B1.10(a). "A
> reduction in the defendant's term of imprisonment is not consistent . . . [if] . . . [a]n
> amendment [to the Guidelines] does not have the effect of lowering the defendant's
> applicable guideline range." *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir.
> 2010) (citation omitted).
>
> In *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir.), cert. denied, — U.S. — ,
> 130 S. Ct. 318, 175 L.Ed.2d 210 (2009), we held that a defendant subject to a
> statutory mandatory minimum sentence is not eligible for a reduction under §
> 3582(c)(2) because Amendment 706 does not lower the defendant's applicable
> guideline range. In *Johnson*, the defendant's crack cocaine guideline range was 235
> to 293 months but, because he was subject to a mandatory minimum sentence of 240
> months, his guideline range became 240 to 293 months. *Id.* at 420-21. Following
> the grant of a USSG § 5K1.1 motion by the government, the district court imposed
> a 108-month sentence. *Id.* at 421. Johnson later filed a § 3582(c)(2) motion to
> reduce sentence, based on Amendment 706, which the district court denied. *Id.* at
> 421. We affirmed, holding that Johnson "was not in fact sentenced based on a
> Guidelines range that was subsequently reduced. Rather, his sentence was based on
> the [240-month] mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which
> remained unchanged by Guidelines Amendment 706." *Id.* at 423.
>
> Here, McPherson's sentence was not based on a guidelines range that was
> subsequently reduced. Like the defendant in *Johnson*, it was based on the 240-month

> minimum sentence mandated by statute. Because Amendment 706 did not lower the statutory mandatory minimum term of imprisonment, McPherson was not eligible for a sentence reduction pursuant to § 3582(c)(2), and the district court did not err by denying McPherson's motion.

*Id*. at 611-12. *See also United States v. Stiff*, No. 09-1115, 2011 WL 219904, at *2-4 (6th Cir. Jan. 24, 2011) (unpublished) (following *Johnson* and holding that the defendant was not eligible for § 3582(c)(2) sentence reduction because his sentence was based on the statutory mandatory minimum sentence, rather than on the Guidelines for crack cocaine offenses); *United States v. Parker*, 358 F. App'x 632, 634 (6th Cir. 2009) (unpublished) ("Like the defendant in *Johnson*, Parker is not entitled to a sentence reduction because he was not in fact sentenced based on a Guidelines range that has been subsequently lowered. His sentence instead was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remains unchanged by Amendment 706.") (citation omitted).

Here, in circumstances virtually indistinguishable from *McPherson* and *Johnson*, Tucker's arguments fail. Although Tucker argues that the starting point used by the district court to calculate the downward departure was the Guidelines range and base offense level corresponding to the possession of between 50 and 150 grams of crack cocaine, he concedes that his base offense level of 32 was the first offense level which incorporated the statutory mandatory minimum sentence of 240 months, as set forth in his plea agreement. At the sentencing hearing, the district court expressly noted the mandatory minimum and used it as the starting point for the downward departure. Thus, Tucker's argument to the contrary is without merit.

Moreover, as we have held in a recent spate of cases, in the wake of the Supreme Court's decision in *Dillon*, it is now clear that "[g]iven the limited scope and purpose of § 3582(c)(2), . . . proceedings under that section do not implicate the interests identified in *Booker*[,]" and "the remedial aspect of the [*Booker*] Court's decision [does not] appl[y] to proceedings under that section . . . ." *Dillon*, 130 S. Ct. at 2692-93; *see also United States v. Bowers*, 615 F.3d 715, 726-27 (6th Cir. 2010); *Stiff*, 2011 WL 219904, at *3-4; *United States v. Ingol*, No. 09-4095, 2010 WL 5230876, at *2 (6th Cir. Dec. 20, 2010) (unpublished); *United States v. Johnson*, No. 09-4004, 2010 WL 4879188, at *2 (6th Cir. Nov. 23, 2010) (unpublished); *United States v. Hall*, No. 09-4104, 2010 WL 4810220, at *2 (6th Cir. Nov. 19, 2010) (unpublished); *United States v. Robinson*, No. 08-6067, 2010 WL 4721070, at *2 (6th Cir. Nov. 15, 2010) (unpublished).

Accordingly, the district court did not abuse its discretion in denying Tucker's motion for a sentence reduction based on Amendment 706.

III.

For these reasons, we affirm the judgment of the district court.