**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0629n.06

**No. 10–1163**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 26, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| TERRY LEE SMITH, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**Before:  GRIFFIN and WHITE, Circuit Judges; and WATSON, District Judge.**[*]

**MICHAEL H. WATSON, District Judge.**  Defendant Terry Smith appeals the district court's order denying his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Smith sought a reduction under Amendment 706[1] to the United States Sentencing Guidelines Manual ("U.S.S.G."), which effectively reduced cocaine base offense levels by two levels.  The district court concluded that Smith's new guideline calculation would not result in a lower guideline range and therefore denied the motion.  For the following reasons, we AFFIRM.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]Amendment 706, as modified by Amendment 711, reduced the base offense level for most crack-cocaine offenses by two levels; Amendment 713 allowed the changes made by Amendments 706 and 711 to have retroactive effect. *See* U.S.S.G., app. C, amends. 706, 711, 713 (Supp. 2008).

**I.**

Smith was sentenced on March 23, 2006, to 96 months' imprisonment after pleading guilty to Possession with Intent to Distribute Five Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

The district court began its determination of Smith's guideline range by calculating the base offense level for the amount of cocaine base Smith possessed. Under the 2006 Sentencing Guidelines, that amount, 10.18 grams of crack cocaine, resulted in a base offense level of 26. U.S.S.G. §§ 2D1.1(a)(3), (c)(7). The base offense level was increased by two points pursuant to U.S.S.G. § 2D1.1(b)(1) because a firearm was found with the drug paraphernalia at Smith's residence. Thus, Smith's adjusted offense level for Count One, the cocaine base count, was 28.

The base offense level for the felon-in-possession-of-a-firearm charge, Count Two, was calculated pursuant to U.S.S.G. § 2K2.1. Smith was determined to have two prior "felony convictions of either a crime of violence or a controlled substance"—one prior conviction for attempted possession with intent to deliver cocaine and one prior conviction for resisting and obstructing a police officer—resulting in a base offense level of 24. U.S.S.G. § 2K2.1. He received an additional two points because the firearm he possessed was stolen, and an additional four points for possession of a firearm in connection with drug trafficking activities. U.S.S.G. § 2K2.1(b)(4)–(5). Hence, his adjusted offense level for the felon-in-possession-of-a-firearm offense was determined to be 30.

Given that Count Two produced the higher adjusted offense level, pursuant to the "grouping" provisions of U.S.S.G. §§ 3D1.2(c), 3D1.3(a), the district court determined that count to be the applicable adjusted offense level. Smith then benefitted from a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)–(b), resulting in a total offense level of 27. His criminal history category was determined to be category III, producing a guideline range of 87 to 108 months. Smith was sentenced to 96 months' imprisonment on each count, to be served concurrently.

Smith later filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706, which the district court denied. The district court reasoned that Smith's ultimate guideline range would be unaffected by a two-level reduction in the guideline for Smith's crack offense, because the offense level for Count Two, the felon-in-possession-of-a-firearm count, would remain the higher adjusted offense level. Consequently, Smith was ineligible for a reduction because, even if Smith received the benefit of Amendment 706, his new guideline calculation would not result in a lower guideline range.

## II.

We review *de novo* a district court's determination that a defendant is ineligible for a sentence reduction. *See United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

Smith begins by arguing that his prior felony conviction for resisting and obstructing a police officer is no longer categorically a crime of violence, citing *United States v. Mosley*, 575 F.3d 603 (6th Cir. 2009). Therefore, Smith maintains, his guideline calculation under U.S.S.G. § 2K2.1, which addresses firearm offenses, should have been an adjusted offense level of 26, not 30. Under that scenario, his adjusted offense level of 28 for the cocaine base would have been the higher

adjusted offense level and consequently would have determined his guideline sentencing range. Accordingly, he theorizes that he now would be eligible to benefit from the two-level crack reduction, which would reduce his adjusted offense level from 28 to 26. With the three-level reduction for acceptance of responsibility, his new total adjusted offense level for both counts would be 23. Combined with a criminal history category III, he argues his new guideline range would be 57 to 71 months.

The relief that Smith sought from the district court has, since the filing of his appeal, been definitively foreclosed by the Supreme Court in *Dillon v. United States*, 560 U.S. ----, 130 S. Ct. 2683, 2693–94 (2010). In *Dillon*, the Court stated that correcting sentencing mistakes is "outside the scope of the proceeding authorized by § 3582(c)(2)". *Id.* at 2694; *see* U.S.S.G. § 1B1.10(b)(1). In other words, § 3582 (c)(2) is not a vehicle to correct mistakes made at the initial sentencing, which is exactly what Smith sought to do. *See, e.g.*, *United States v. Stiff*, 407 F. App'x 896, 899 (6th Cir. 2011) (noting that "§ 3582(c)(2) is not a license to revisit the entire sentencing process to identify and correct any deficiency in the imposed sentence").

In conducting our review of the district court's decision, we are guided by *Dillon*. In denying Smith's motion for a sentence reduction pursuant to § 3582(c)(2), the district court properly concluded that Smith's new guideline calculation of the crack-cocaine offense would not result in a lower guideline range. Even with the benefit of a two-level reduction, Smith's felon-in-possession-of-a-firearm count still resulted in the higher adjusted offense level and thus that count would dictate his total offense level. Any deficiency in the calculation of the base offense level for that count was outside the scope of the district court's resentencing proceeding.

In his reply brief filed post-*Dillon*, Smith recognized the bar *Dillon* poses to his requested relief. Thus, as an additional ground for relief, Smith asked this Court to consider staying this matter pending a decision on his motion to vacate his sentence under § 2255—presumably, if he was successful on that motion, he could be entitled to a reduction in sentence. Whatever the merit of the request, the request is moot, as the district court denied his motion in an opinion dated April 6, 2011. *See Smith v. United States*, Case No. 1:10–cv–19, ECF No. 10, slip op. (W.D. Mich. Apr. 6, 2011).

Smith also suggests in his reply brief that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, might affect his sentence. This Court determined previously that the Fair Sentencing Act's penalty provisions do not apply to offenses committed prior to their enactment. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) (a defendant convicted and sentenced before the Fair Sentencing Act was enacted could not be resentenced according to its provisions), *cert. denied*, 131 S. Ct. 1706 (2011). Moreover, even if the mandatory minimum sentence for his crack cocaine offense was reduced, Smith's guideline calculation for being a felon in possession of a firearm, which dictated his sentence, would remain unchanged.

**III.**

Accordingly, the decision of the district court is AFFIRMED.