NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0461n.06

No. 11-2457

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**May 01, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| SAMMY DYER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Sammy Dyer, who is represented by counsel, appeals a district court order that denied a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

In 1997, Dyer was convicted of conspiring to distribute and to possess cocaine, crack cocaine, and marijuana for intended distribution. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced Dyer to 360 months of imprisonment and we affirmed Dyer's conviction on appeal. *United States v. Dyer*, No. 97-1748, 1999 WL 115495, at *5 (6th Cir. Feb. 9, 1999).

In 2008, Dyer moved for a reduced sentence under Amendments 706 and 711 to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). The retroactive application of those amendments generally results in a two-level reduction in the base offense level that is assigned to the quantities of crack cocaine that are listed in USSG § 2D1.1. The district court denied the § 3582(c)(2) motion on November 4, 2011, and Dyer now appeals.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Dyer's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Dyer did not file a timely response to counsel's motion. An independent examination of the proceedings shows that Dyer's attorney properly reviewed the record and that there is no issue that would support a viable appeal.

The district court is authorized to reduce a sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). We review the district court's decision not to exercise that authority for an abuse of discretion, but its interpretation of the sentencing guidelines presents a question of law that is reviewed *de novo*. *United States v. Johnson*, 569 F.3d 619, 622–23 (6th Cir. 2009). Thus, we review the court's determination that it lacks the authority to grant relief under § 3582(c)(2) *de novo*. *Id.* at 623.

The district court denied Dyer's § 3582(c)(2) motion because the quantity of drugs attributable to him exceeded 4,500 grams. An offense-level reduction under Amendments 706 and 711 is not authorized when an offense involves "4.5 kilograms or more" of cocaine base. *See* USSG § 2D1.1 cmt. n.10(D)(ii)(I) (2010). However, a finding that Dyer was responsible for that much cocaine base is not clearly supported by the presentence report. Nor did the district court make such a finding at sentencing. Nevertheless, denying Dyer's motion on this ground amounted to no more than harmless error because applying the two-level reduction would not have lowered his sentencing guidelines range. *See* USSG § 1B1.10(a)(2)(B).

Dyer had a criminal history category of III and a total adjusted offense level of forty-two, which yielded a sentencing guidelines range of 360 months to life imprisonment. The retroactive application of Amendments 706 and 711 would reduce his total adjusted offense level to forty. However, a defendant with a criminal history category of III and a total adjusted offense level of

forty is still subject to a sentencing guidelines range of 360 months to life. *See* USSG Ch. 5, Pt. A (sentencing table). Hence, the district court was not authorized to grant Dyer relief under § 3582(c)(2) because applying the cited amendments would not have the effect of lowering his sentencing guidelines range. *See* USSG § 1B1.10(a)(2)(B); *United States v. McPherson*, 629 F.3d 609, 611–12 (6th Cir. 2011).

Counsel also suggests several other potential arguments. However, our review of Dyer's case is restricted by the limited nature of the remedy that is available under § 3582(c)(2). That section does not authorize "a plenary resentencing proceeding." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). An issue is not cognizable under § 3582(c)(2) if it does not involve a sentencing range that has been lowered by the retroactive application of an amendment to the sentencing guidelines. *Id.* at 2694. Thus, counsel properly concedes that we lack jurisdiction to consider an argument that Dyer's sentence violated the holding in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Watkins*, 625 F.3d 277, 282 (6th Cir. 2010).

In addition, counsel suggests that Dyer may wish to challenge the validity of his sentence under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). The appropriate vehicle to bring this challenge is through a new § 3582(c)(2) motion.

Counsel's motion to withdraw is granted and the district court's order is affirmed.