NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0670n.06

No. 12-2600

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 19, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| SAMMY DYER, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF MICHIGAN |
| | ) | |

BEFORE:  COLE and DONALD, Circuit Judges; MARBLEY, District Judge.[*]

PER CURIAM.  Sammy Dyer, a federal prisoner, appeals through counsel a district court order denying his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).

In 1997, a jury convicted Dyer of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana.  At the time of his sentencing, a defendant needed only to be responsible for one and one half kilograms of cocaine base in order to be assigned a base offense level of 38.  The sentencing court found that Dyer was responsible for at least that amount, using a conservative estimate.  Two levels each were added to the offense level for possession of a firearm and attempting to suborn perjury, resulting in a total offense level of 42 and a Guidelines range of 360 months to life.  Dyer was sentenced to 360 months.

_____

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Dyer previously moved to reduce his sentence based on an amendment to the Guidelines that increased the amount of cocaine base that a defendant needed to be found responsible for to be assigned the maximum base offense level of 38. That amount was four and one half kilograms. The district court found that Dyer was responsible for at least four and one half kilograms and was therefore ineligible for a reduction. We affirmed, but noted that the amount of four and one half kilograms had not been mentioned at the original sentencing or in the original presentence report. However, we concluded that any error in determining the amount was harmless because, even if Dyer had an offense level of 40 (accounting for a two-level reduction under the Amendment), his Guidelines range would have remained the same.

Dyer filed this second motion to reduce his sentence when the Guidelines were again amended, this time to require a finding of responsibility for 8.4 kilograms of cocaine base in order for an offense level of 38 to apply. The district court did not make a finding that Dyer was responsible for that much cocaine base, but instead denied the motion because, once again, lowering his offense level to 40 resulted in the same Guidelines range. Dyer appeals, arguing that the district court should have made a new finding of drug quantity that could have been lower than four and one half kilograms, which in turn would lower his offense level to 38 and reduce his Guidelines range to 292 to 365 months.

We review de novo a district court's determination that a defendant is ineligible for a sentence reduction. *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012).

Where a sentencing court makes a finding that a defendant was responsible for "at least" a minimum quantity of drugs, it can make a new drug quantity determination when the defendant files

a motion for a sentence reduction; the new finding must be supported by competent evidence in the record, including the trial transcript. *United States v. Valentine*, 694 F.3d 665, 670-73 (6th Cir. 2012). Unlike the case cited by Dyer, *United States v. Battle*, 706 F.3d 1313, 1318 (10th Cir. 2013), where the record did not support the new drug quantity finding, here more than one witness testified to a single incident where Dyer participated in cooking six kilograms of cocaine base—an incident that was part of a conspiracy that lasted for five years. Thus, there was competent evidence to support the court's drug quantity finding in Dyer's first motion to modify his sentence. Having found at that time that Dyer was responsible for at least four and one half kilograms of cocaine base, there was no need for the district court to make a new finding of drug quantity for Dyer's second motion to modify his sentence. Based on the figure of at least four-and-a-half kilograms of cocaine base, we conclude that Dyer's total offense leave is 40, leaving his Guidelines range unaltered.

Amendment 750 did not lower Dyer's Guidelines range, nor was Dyer's original sentence based on a range that was subsequently lowered. Accordingly, the district court correctly determined that Dyer was ineligible for a sentence reduction. *See United States v. McPherson*, 629 F.3d 609, 611-12 (6th Cir. 2011); *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010). We therefore AFFIRM the district court's decision.